## GUTHRIE v. WABASH RAILWAY CO.

(November Term, 1863.)

1. MAINTENANCE—*what constitutes.* A party to a suit has a right to buy out his adversary's right, and to take from him a power of attorney to control the cause—either to prosecute or dismiss the same, as he may elect. Such a contract will not be obnoxious to the charge of maintenance.

2. POWER OF ATTORNEY—*when irrevocable.* If, for a consideration paid, such a power of attorney is made irrevocable, in terms, it must so remain, if no fraud was practiced in obtaining it.

WRIT OF ERROR to the Cairo Court of Common Pleas.

An action of assumpsit was instituted in the court below by The Wabash Railway Company against Guthrie. Upon trial, there was a verdict and judgment in favor of the company.

Guthrie sued out this writ of error to reverse that judgment.

Mr. O. C. SKINNER appeared in this court, and presented a power of attorney from Guthrie, and thereupon moved the court to enter a release of errors and dismiss this suit.

The power of attorney, after reciting that Guthrie is the plaintiff in error in this cause, and in the decision of which certain questions concerning interests affecting street railroads are made for decision, proceeds as follows: "Now, in consideration of the premises, and an ample and full equivalent in money to me paid, whereby I am secured from loss or damage by reason of the dismissal of, or release of errors in, said cause, I, Samuel Guthrie, plaintiff in said cause, reposing special trust and confidence in Judge O. C. Skinner, of Quincy, Illinois, have made, constituted and appointed, and by these presents do make, constitute and appoint, him my true and lawful attorney, for me and in my name to appear in said cause in said Supreme Court, and assume the entire control and management thereof; and either to argue and submit the same for final decision of said court, or to dismiss the same and release all errors assigned, as he, my said attorney, may deem best; giving to my said attorney full power in the premises, the same as I now possess over

the same; and hereby fully revoking all power of other attorneys to manage or control the same. And for the purposes herein expressed, I do hereby make this power of attorney irrevocable, the same being for ample and valuable consideration paid to me.''

The following affidavit of Guthrie was presented:

"STATE OF ILLINOIS,⎫
ALEXANDER COUNTY, ⎬ *ss.*  I, Samuel Guthrie, being duly sworn, depose and say: That I am the person who was defendant in a certain cause in which the Wabash Railway company was plaintiff, lately decided by Judge MULKEY in the Cairo Court of Common Pleas; that I have been informed and induced to believe that the decision in said cause was in my favor, and the same has not been by my authority taken to the Supreme Court, I being willing to stand by the decision as I was informed it was made. I further say, I am still and have been willing to stand and abide by the decision made by Judge MULKEY in said cause in the Cairo Court of Common Pleas.''

Mr. GEO. W. WALL thereupon objected to the action sought to be had by Mr. Skinner, and presented a power of attorney which was given by Guthrie subsequent to that already mentioned, which, after reciting that he had given the preceding power of attorney to Mr. Skinner, proceeded thus:—"Now, therefore, know all men by these presents, that I do, by these presents, revoke the appointment aforesaid of the said Hon. O. C. Skinner, or any other person or attorney I may have heretofore appointed in said cause, and do hereby appoint in his or their stead, George W. Wall and Thomas S. Casey, my attorneys in said cause, and do hereby authorize them or either of them, for me and in my name, to prosecute said cause to final judgment, and otherwise do and perform any and all things they or either of them may think necessary for the prosecution of said cause."

Mr. SKINNER insisted that the power of attorney given to him was irrevocable.

Mr. WALL and Mr. CASEY objected that the pretended power of attorney to Mr. Skinner, was insufficient to constitute him the attorney:

*First.* Because it is void for maintenance. The instrument states that money was paid for it, and the authority is to *prosecute the suit,* as well as to release errors and dismiss.

*Second.* It is void because it is fraudulent.

*Third.* The first power of attorney is revoked by the second, which was given subsequently. But it is said the first is irrevocable. So it is, in terms, but the rule is, that a naked power, not coupled with an interest, is always revocable.

Per CURIAM: This is a peculiar case, in which the party who has been defeated in the action below, expresses himself satisfied with the judgment, and the. party who has recovered the judgment seems desirous of having the right to it tried over again. A party, we conceive, has a right to buy out an adversary's right, and to take from him a power of attorney to control the cause. If, for a consideration paid, he makes that power irrevocable, it must so remain, if no fraud has been practiced in obtaining it. None appears in this case; consequently his subsequent power is ineffectual. The first power must have efficacy. Independent of the power of attorney, the plaintiff in error makes his affidavit, that he is willing " to stand and abide by the decision of the Cairo Court of Common Pleas."

The objection taken to the power to Judge Skinner, that it showed on its face maintenance, we think is not tenable. The whole scope of it seems to have been to stop litigation by placing his rights in the hands of his adversary.

Taking this case for an ordinary case in this court, as we are bound to do, no doubt can remain of the power of the plaintiff to dismiss· the suit and release errors.